CRAIN, Judge.
This is an appeal of a judgment of the trial court in favor of plaintiff in his suit on a building contract, which also dismissed defendants’ reconventional demand.
The trial court ruled in favor of plaintiff, Augusta Anderson, holding that Mr. and Mrs. Herbert Wagner, Sr. (the Wagners) owed $5000.00 under an original agreement with Anderson to replace their roof. An additional $2000.00 was held to be owed by the Wagners for additional work, under a theory of unjust enrichment. The trial judge also held that Herbert Wagner, Jr. was liable for the additional $2000.00 by virtue of his written promise to pay that amount. Defendants appealed, alleging that the trial court erred in finding any liability for work done in excess of $5000.00, in finding that the repairs were done in a workmanlike manner, and in finding that Wagner, Jr.’s promise to pay did not contain a potestative condition.
It is clear that the original contract between the Wagners and Augusta Anderson was for $5000.00 to put a roof on the Wagners’ house because this was the amount of the loan they could obtain. However, the house was in a deteriorated condition and needed additional repairs. This fact was pointed out to the Wagners by Anderson from the beginning, and the record supports a finding that they understood this and agreed to pay $3000.00 for additional work. The $2000.00 was a figure reached by compromise between plaintiff and Wagner, Jr. for the additional repairs. Consequently, there is no error in the finding by the trial court that the Wagners owe the additional $2000.00.
The trial court also found that the repairs were performed in a workmanlike fashion. We agree. Considering the condition of the house before the repairs began, we find no error in the trial court’s conclusion that the work was performed in a workmanlike manner. The fact that the Wagners had to spend additional monies to repair the inside of the home does not indicate that the exterior work performed by plaintiff was not done adequately.
The third error complained of relates to a written promise to pay the $2000.00, executed by Wagner, Jr., with a provision that payment will be made, “at the earliest possible time when he is financially able to do so.” Defendants contend this constitutes a potestative condition, thus rendering the contract null and void.
La.C.C. Art. 2024 states:
*593 “The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.”
La.C.C. Art. 2034 renders an obligation null if it has been contracted on a potestative condition on the part of the obligor. La.C.C. Art. 2035 limits this rule to a condition that depends solely on the obligor’s will — a purely potestative condition. The jurisprudence is well established that if the condition is dependent upon the will of the obli-gor, but involves some detriment to the obligor if he brings about or hinders the happening of the condition, then the condition does not render the obligation null. Colbert v. District Grand Lodge, Grand United Order of Odd Fellows, 178 So. 694 (La.App. 1st Cir.1938). Here, an intentional failure of Wagner, Jr. to become financially able to pay $2000.00 would result in his being financially disadvantaged. Consequently, a failure to bring about the condition of becoming financially able to pay $2000.00 would be to his detriment. Thus, the condition herein does not render the obligation null. We find no error in the trial court’s ruling.
Defendants do not complain of the trial court’s dismissal of their reconventional demand, therefore we need not consider it here.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellants.
AFFIRMED.